United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENNY MICHELLE KELLEY, a/k/a PENNY HANEY (SPN # 02452356), | § | |
| *Petitioner*, | § | |
| vs. | § | CIVIL ACTION NO. H-26-8435 |
| ED GONZALEZ, | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Penny Michelle Kelley, a/k/a Penny Haney, (SPN # 02452356), was formerly a pretrial detainee in the Harris County Jail. In September 2026, she filed a petition for writ of habeas corpus on the State of Texas form application for such writs, alleging two claims of ineffective assistance of counsel. (Dkt. 1). She neither paid the applicable filing fee nor moved to proceed *in forma pauperis*.

On September 28, 2026, the Clerk of Court mailed a "Notice to Pro Se Litigant of Case Opening" to Kelley. (Dkt. 2). The same day, the Court issued an order giving Kelley thirty days in which to either pay the required filing fee or file a properly supported motion to proceed *in forma pauperis*. (Dkt. 3). Both the Notice and the order have been returned–one on October 13 and the other on October 23–with notations that Kelley has been released from the Harris County Jail. (Dkts. 4,

5). Kelley has not provided the Court with an updated address since her release from jail.

Kelley's action will be dismissed for two reasons. First, actions in federal court will not proceed unless the petitioner has either paid the full amount of the filing fee or been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a). Kelley has done neither. Her action must therefore be dismissed for failing to comply with the Court's orders regarding payment of the filing fee.

Second, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division, makes a *pro se* litigant responsible for keeping the Clerk advised in writing of her current address. And the Fifth Circuit has held that "the failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007).

Kelley's failure to pursue this action by paying the applicable filing fee and maintaining a current address with the Clerk of Court forces the Court to conclude that she lacks due diligence. Therefore, under the inherent powers necessarily vested

in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Accordingly, the Court **ORDERS** as follows:

1. Kelley's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED without prejudice** for want of prosecution.

2. All pending motions are **DENIED as moot.**

3. Kelley is advised that upon a showing of good cause for failing to comply with the Court's September 28 Order, relief from this Order may be granted under Federal Rule of Civil Procedure 60(b). Any motion under Rule 60(b) must be accompanied by either payment of the filing fee or a properly supported motion to proceed *in forma pauperis* and an updated address.

The Clerk will provide a copy of this Order to Kelley.

SIGNED at Houston, Texas on Nov 10, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE